# Bierly, Appellant, v. Philadelphia & Erie Railroad Company.

*Railroads—Widening and straightening road—Dwelling house—Eminent domain—Act of March 17, 1869, P. L. 12.*

Under the Act of March 17, 1869, P. L. 12, a railroad company may take by condemnation proceedings ground occupied by a dwelling house, not only for the purpose of widening, but also for straightening its line. Dryden v. Ry. Co., 202 Pa. 316, followed and explained.

Argued March 15, 1909. Appeal, No. 6, Jan. T., 1909, by plaintiffs, from decree of C. P. Clinton Co., Jan. T., 1907, No. 1, dismissing bill in equity in case of Jonathan B. Bierly et al. v. Philadelphia & Erie Railroad Company. Before Mitchell, C. J., Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Bill in equity for an injunction. Before Hall, P. J.
The opinion of the Supreme Court states the facts.

*Error assigned* was in dismissing the bill.

*Max L. Mitchell,* with him *W. C. Kress,* for appellants.

*T. C. Hipple,* for appellee.

Opinion by Mr. Justice Stewart, June 22, 1909:

It has passed beyond controversy that a railroad company in widening its line under the provisions of the Act of March 17, 1869, P. L. 12, may appropriate by condemnation proceedings ground occupied by a dwelling house standing in the way of the improvement. This much is settled in Dryden v. Ry. Company, 208 Pa. 316. It would be a strange reasoning that would restrict this legislative grant of power to cases of widening the road, when the act of assembly which allows it for that purpose, by equally express terms, gives it where the purpose is either to straighten, deepen, enlarge or otherwise improve the whole or portions of the railroad. And yet that is the contention of the appellant here. In the present case the purpose of the railroad company is to straighten its line of road in order to meet the necessity that is upon it, and it seeks to appropriate to that end the appellant's dwelling house which stands upon the proposed new line. The argument makes no attempt to derive from the language of the act, even by implication, an intention to confer larger power in connection with the widening of the road than in straightening it. The same considerations were relied upon in the Dryden case as making against the claim of right on the part of the railroad company, as are here again pressed upon our attention. Since they suggest nothing by way of distinguish-

ing between the right to appropriate for widening purposes and the right to appropriate for straightening, they need not be considered. In the Dryden case we distinctly held that these could not be allowed to defeat the manifest purpose of the act, and the end of that controversy was there reached. Nothing additional is here urged, except that a single sentence in the opinion in the Dryden case is referred to as a judicial construction of the act of 1869 limiting the right to condemn dwelling houses to cases of widening. It occurs in that part of the opinion which is an answer to the argument that because the extent of the right to take for purposes of widening was undefined and unlimited in the act, a legislative intent that the restrictions of the earlier acts were to remain was to be inferred. This is the sentence: "The power to take for purposes of widening is confined to a taking for that purpose alone." It is only by eliminating its most pregnant terms that the sentence can be made to serve the purpose of the appellant. Where the avowed purpose in taking is a widening of the line, more may not be taken than is necessary to accomplish this one thing. The whole effect and purpose of the expression is to make clear that any attempt to appropriate in excess of what was necessary for that particular purpose would not be within the act. The same could be said with respect to a taking for purposes of straightening the road. The restriction in either case is upon the quantity of land taken; it must be confined to what is necessary for the avowed purpose, whichever of those allowed by the act may be.

The appeal is dismissed at costs of appellant.